ANNIE E. STEPHENSON

*vs.*

PORTLAND RAILROAD COMPANY.

Cumberland.     Opinion August 29, 1907.

*Harmless Errors.    Misconduct of Counsel.    Remittitur.    New Trial.*

A verdict against a defendant will not be set aside because of alleged mis-
conduct of the plaintiff's counsel in the argument of the cause to the jury
when it appears that such alleged misconduct was not prejudicial to the
defendant.

When in an action on the case to recover for personal injuries it appears
that the plaintiff has suffered some injury for which the defendant is
clearly liable but that the damages assessed by the jury are excessive, and
a remittitur is ordered, the verdict will be set aside unless remittitur be
made as ordered.

On general motion and special motion by defendant. Special
motion overruled. General motion sustained unless remittitur be
made.

Action on the case to recover damages for alleged personal
injuries sustained by the plaintiff and caused by the alleged negli-
gence of the defendant company.

Tried to a jury at the January term, 1907, of the Supreme Judicial
Court, Cumberland County. Plea the general issue. Verdict for
plaintiff for $3641.66. The defendant then filed two motions to
have the verdict set aside. One was a special motion alleging
misconduct of the plaintiff's counsel in his argument to the jury.
The other was the usual general motion alleging that the verdict
was against evidence, etc., and that the damages awarded were
excessive.

The case appears in the opinion.

*H. & W. J. Knowlton,* for plaintiff.
*Libby, Robinson & Ives,* for defendant.

SITTING: WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

STROUT, J.   Action to recover for personal injuries.   Verdict for plaintiff for $3641.66.   The case is here upon a special motion by defendant to set aside the verdict on the ground of alleged misconduct of plaintiff's counsel in his argument to the jury, and upon the general motion as against evidence and for excessive damages.

Upon the special motion.   In argument to the jury plaintiff's counsel said: "three of the witnesses . . . . are railroad men in the employ of this said company.   I believe one of them has been discharged a few times and hired over."   Defendant's counsel objected to this statement as to discharge and hiring over, as introducing facts not in evidence.   Unsupported by evidence, the statement ought not to have been made.   Was it injurious to the defendant?   If so, it would be cause for setting aside the verdict. The witness might have been discharged for lack of work.   Hiring him over indicated confidence in the man by the defendant.   No fault was imputed to him.   But for another reason we think the statement was harmless.   While the defendant did not admit liability, it was not denied that plaintiff received some injury, and non-liability was not strenuously insisted upon, and we do not see how it could be.   The real issue was the extent of that injury.   The witnesses alluded to by counsel for plaintiff testified as to the fact of collision and the attendant circumstances, but gave no material testimony upon the magnitude of plaintiff's hurt; and upon that question, the real one in issue, these witnesses were unimportant. No harm to defendant, therefore, could come from the remark.

In defendant's argument to the jury counsel had made a point that the plaintiff's presence in court during the trial of three days was inconsistent with her claim as to great and permanent injury. In reply to this, counsel for plaintiff stated that he took the responsibility for that, "after having asked the doctor, inquired of him whether it would be safe."   It may admit of doubt whether under the circumstances this remark was not justifiable.   However that may be, plaintiff's presence in court was known to the jury, and defendant had the full benefit of his argument upon that fact.   The

remark was not prejudicial to the defendant upon the question at issue. If it had any effect, it tended to strengthen defendant's argument. Being brought there by her own counsel was more significant than if her appearance had been entirely voluntary.

Upon the general motion. The plaintiff received some injury, for which defendant was clearly liable. How great was that injury? After carefully examining the evidence and considering the temperament of the plaintiff, her previous condition of health and her condition after the accident, we do not think all her troubles were caused by the collision. It would be unprofitable to review the evidence of the physicians in connection with that of the plaintiff, but the result of an examination is that the damages awarded by the jury are excessive.

The special motion is overruled.

If plaintiff within thirty days after filing the rescript in this case shall remit all of the damages in excess of two thousand dollars the entry will be: Motion overruled. Otherwise, motion sustained for excessive damages and verdict set aside.

*So ordered.*